## CINCINNATI (city) v WILSON

Ohio Appeals, 1st Dist, Hamilton Co

No 5162.   Decided June 21, 1937

John D. Ellis, City Solicitor, Cincinnati, and J. B. Grause, Jr., Assistant City Solicitor, Cincinnati, for appellee.

Charles F. Hornberger, Cincinnati, and Harry R. Weber, Cincinnati, for appellant.

## OPINION

By ROSS, PJ.

On rehearing.

The case as it was first presented to this court involved the correctness of certain charges given and the propriety in refusing others. The criterion affecting the action of the court, as presented upon the original hearing, was the location of the property, valued for purposes of condemnation. If it was located upon an entrance to a park, then the lot abutting thereon would have a greater value than if surrounded by park proper.

Since the original hearing a deed has been made a part of the record. Some question is raised that this deed was introduced in evidence as to only one lot of several considered by the court in proceedings consolidated for convenience. An examination of the record, as now presented, causes us to conclude that this contention could only be sustained by a most technical view of the proceedings in condemnation. We, therefore, consider the deed as now in evidence and relevant to the issues now involved. The trial court has certified it as a part of the pertinent record. The deed is an unequivocal conveyance, of the strip of ground, adjacent to the lot under consideration, to the City of Cincinnati. There is no reservation of any description and it is not conveyed for park entrance purposes only. This owner, however, claims that it is limited in effect to such purposes, because of the nature of the condemnation proceedings and the original ordinance of necessity. We do not see the force of this contention, as against the effect of an unequivocal conveyance.

An alternative position is now taken by the owner, who claims, that although all this may be true, there was reserved to the owner a way of necessity across (not along) the strip conveyed and that such appurtenant easement was not considered by the court and jury as a factor affecting the value of the premises in question. The court refused charges based upon the existence of such appurtenant right of way. That such an easement existed is shown by the evidence.

Defendant's special charge No. 1, refused by the court, is as follows:—

"I charge you that the defendants, Irene Mae Wilson and Charles Rosemeyer, each have a right of way appurtenant to their respective lands, as the same are described in the application to assess compensation herein, for ingress and egress to and from their said lands, from McFarlan Road, through, over and upon the land acquired by the City of Cincinnati for an entrance to Mt. Airy Forest."

In view of the evidence, clearly establishing such right of way, the refusal of such charge was erroneous. The facts as to the physical location of the property, not being in dispute, whether or not such way of necessity existed was a matter of law.

The second charge refused was in general intent like the first. One or the other should have been given, and the refusal to give same constituted error, prejudicial to the substantial rights of the appellants.

The court in its general charge failed also to call the attention of the jury to the right to include the appurtenant easement in ascertaining the value of the property in question. This also was error of a similar nature.

For these reasons, the court adheres to its original conclusion to reverse the judgment and remand the case for a new trial.

HAMILTON and MATTHEWS, JJ, concur.